IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,  No. 3:11-cr-00060-HZ-6

    Plaintiff,  ORDER

    v.

KINGSLEY IYARE OSEMWENGIE,

    Defendant.

Billy J. Williams
United States Attorney
Geoffrey A. Barrow
Assistant United States Attorney
U.S. Attorney's Office, District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

    Attorneys for Plaintiff

Michelle A. Ryan
Law Office of Michelle A. Ryan, LLC
3050 SE Division Street, Suite 225
Portland, OR 97202

    Attorney for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

On December 4, 2012, Defendant pleaded guilty, without a plea agreement, to conspiracy to distribute oxycodone and use communication facilities, conspiracy to launder drug proceeds, and conspiracy to violate the travel act. On April 29, 2013, Defendant was sentenced to 210 months in custody. Defendant moved to vacate and correct his sentence pursuant to 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel. Defendant also moved for the return of seized property under Federal Rule of Criminal Procedure 41(g).[1] In response to that motion, the Government stated that it would be willing to return the property belonging to Defendant after resolution of the § 2255 motion.

On April 22, 2019, the Court denied Defendant's § 2255 motion and ordered the parties to submit a status report regarding the status of Defendant's Motion for Return of Property. In its status report, the Government argues that Defendant's motion is now moot because the Government is prepared to return Defendant's property to him. Defendant disagrees with the Government's position that his motion is moot. First, Defendant argues that the Government erred in returning a Sony VAIO laptop to his co-defendant—Ms. Nakachi—and asks the Court to order the Government to obtain the laptop from Ms. Nakachi to determine the legitimate ownership of the laptop. Alternatively, he asks the Court to order the Government to contact Ms. Nakachi to obtain Defendant's files and folders, which contain photos not otherwise available to

---

[1] Rule 41(g) provides: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings."

2 – OPINION & ORDER

Defendant's family. Second, Defendant argues that the gold earrings Defendant seeks are not the same earrings as those earrings subjected to forfeiture.

Upon review of the record, the Court agrees with the Government and finds that Defendant's Motion for Return of Property is moot. The Government does not possess the sought-after laptop and earrings, and there is no additional property for the Government to return to Defendant. The Government returned the Sony VAIO laptop to Ms. Nakachi through her attorney after the resolution of her case. McGeachy Decl. ¶ 5A, ECF 1018. Special Agent Priddy obtained a signed receipt for the laptop from Ms. Nakachi's attorney on June 13, 2013. *Id.* at Ex. 1. The Government only seized one pair of earrings from Defendant's apartment. McGeachy Decl. ¶ 5B. Those diamond solitaire earrings were subject to forfeiture and sold at auction in 2014. *Id.* No gold, diamond-studded earrings were seized from Defendant. All other requested items within the Government's possession have been returned to Defendant's representative.[2] Thus, Defendant's motion is now moot.

## CONCLUSION

The Court DENIES as moot Defendant's Motion for Return of Property [840].

IT IS SO ORDERED.

Dated this ___29___ day of __August__, 2019.

_____
MARCO A. HERNÁNDEZ
United States District Judge

---

[2] The Government also states that some of the items Defendant's seeks were not seized or appear to have been lost. Gov't Rep't 5, ECF 1017. The Government has provided Defendant's father information on how to submit a claim for the lost items. *Id*.

3 – OPINION & ORDER