IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:11-cr-00060-6-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| KINGSLEY IYARE OSEMWENGIE, | |
| Defendant. | |

Natalie Wight
United States Attorney
Sarah Barr
Assistant United States Attorney
United States Attorney's Office
1000 SW Third Ave, Ste 600
Portland, OR 97204

    Attorneys for Plaintiff

Katryna Lyn Spearman
LOWTHER WALKER LLC
101 Marietta St. NW, Suite 3650
Atlanta, GA 30303

    Attorney for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant Kingsley Iyare Osemwengie moves for a reduction of his sentence to 188 months under 18 U.S.C. § 3582(c)(2). The Government opposes the motion. For the following reasons, the Court denies the motion.

## BACKGROUND

On December 4, 2012, Defendant pleaded guilty to conspiracy to distribute oxycodone, conspiracy to launder drug proceeds, and conspiracy to violate the Travel Act. Plea Pet., ECF 511. The Presentence Investigation Report ("PSR") determined that Defendant's total criminal history category was IV and recommended a sentence of 262 to 327 months. PSR, ECF 632. In calculating his criminal history category, Defendant received two additional criminal history points because he was on supervised release at the time he committed the instant offense. PSR ¶ 88. The Court adopted the PSR at sentencing. Sent. Hr'g., ECF 680. On April 29, 2013, Defendant was sentenced to 210 months imprisonment. J. & Comm't., ECF 638. Defendant is currently serving his sentence at Pollock USP with a projected release date of June 21, 2035.

## STANDARDS

Under 18 U.S.C. § 3582(c)(2),

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

This exception to the general rule that a court may not modify a term of imprisonment once it has been imposed "represents a congressional act of lenity intended to give prisoners the benefit of

later enacted adjustments to the judgments reflected in the Guidelines." *Dillon v. United States*, 560 U.S. 817, 828 (2010). The exception, however, is limited; it "does not authorize a resentencing." *Id.* at 831. Rather, "it permits a sentence reduction within the narrow bounds established by the Commission." *Id.*

In deciding whether to reduce a sentence based on a retroactive amendment to the U.S. Sentencing Guidelines under 18 U.S.C. § 3582(c)(2), a court must first consider the scope of the reduction authorized by the amendment, and then consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon*, 560 U.S. at 826.

## DISCUSSION

Defendant seeks a reduction of his sentence pursuant to Part A of Amendment 821 to the U.S. Sentencing Guidelines. Part A of Amendment 821 decreases the number of "status points" received under U.S.S.G. § 4A1.1 by defendants who commit their offense while under a criminal justice sentence. It omits the two points defendants previously received for committing an offense while under any criminal justice sentence where that defendant otherwise has six or fewer criminal history points. U.S.S.G. § 4A1.1(d). Amendment 821 went into effect November 1, 2023, and applies retroactively so long as the effective date of any order reducing an offender's sentence was February 1, 2024 or later. U.S.S.G. § 1B1.10(d), (e)(2).

The parties agree that under Amendment 821 Defendant would receive six criminal history points instead of eight, resulting in a lower criminal history category of III and a recommended guideline range of 235 to 293 months. The Court agrees with the Government, however, that a reduction in Defendant's sentence is not appropriate pursuant to U.S.S.G. § 1B1.10(b)(2)(A): Except where the defendant provided substantial assistant to authorities, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. §3582(c)(2) and

3 – OPINION & ORDER

this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." *See also United States v. Davis*, 739 F.3d 1222, 1224–25 (9th Cir. 2014). Defendant received a below-guideline sentence of 210 months. This sentence remains below the guideline range even considering Amendment 821. Defendant does not qualify for the exception under U.S.S.G. § 1B1.10(b)(2)(B) for substantial assistance to the Government. Defendant's motion is therefore denied.

## CONCLUSION

Defendant's Motion to Reduce Sentence [1033] is DENIED.

IT IS SO ORDERED.

DATED:___May 16, 2024_____.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　MARCO A. HERNANDEZ
　　　　　　　　　　　　　　　　　　United States District Judge