IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                        No. 3:11-cr-00060-HZ

                   Plaintiff,                        OPINION & ORDER

     v.

KINGSLEY IYARE OSEMWENGIE,

                  Defendant.


William M. Narus
Acting United States Attorney
Ethan Bodell
Assistant United States Attorney
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

       Attorneys for Plaintiff

Kingsley Iyare Osemwengie
40219-048
USP Pollock
P.O. Box 2099
Pollock, LA 71467

       Defendant, *Pro Se*

1 - OPINION & ORDER

HERNÁNDEZ, District Judge:

This matter comes before the Court on Defendant Kingsley Iyare Osemwengie's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A), ECF 1052. For the reasons that follow, the Court denies Defendant's Motion.

## BACKGROUND

On March 16, 2011, Defendant and 18 co-conspirators were charged in a Superseding Indictment with conspiracy to distribute oxycodone and use communication facilities, conspiracy to launder drug proceeds, and conspiracy to violate the Travel Act. On December 4, 2012, Defendant pleaded guilty to conspiracy to distribute oxycodone, conspiracy to launder drug proceeds, and conspiracy to violate the Travel Act. Plea Pet., ECF 511. On April 29, 2013, the Court sentenced Defendant to 210 months imprisonment. On June 11, 2024, Defendant moved to reduce his sentence under 18 U.S.C. § 3582(c)(2) relying on Amendments 782 and 821 to the United States Sentencing Guidelines ("USSG"). The government did not oppose Defendant's Motion. On July 8, 2024, the Court granted the Motion and reduced Defendant's sentence from 210 months to 188 months. Order, ECF 1045.[1]

Defendant moves *pro se* for compassionate release under 18 U.S.C. § 3582(C)(1)(A).

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling

---

[1] Defendant's projected release date is November 28, 2033.

reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), however, amended § 3582(c)(1)(A) to allow a defendant, after first requesting that the BOP move for a reduction on his or her behalf, to directly move the district court for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A).

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i)     Extraordinary and compelling reasons warrant such a reduction; [ . . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons. Before November 1, 2023, the Sentencing Commission's policy statement applied only to § 3582(c)(1)(A) motions filed by the BOP Director on behalf of a defendant. *Aruda*, 993 F.3d at 801. The Ninth Circuit concluded that on a defendant's direct motion for compassionate release, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id.* at 802 (citation omitted). On November 1, 2023, however, the Sentencing Commission amended the sentencing guidelines and explained that the amendment "extends the applicability of the policy statement to defendant-filed motions." U.S. Sentencing Commission, *Amendments to the Sentencing Guidelines* (Effective Nov. 1, 2023) at 7,

https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf. Accordingly, a defendant must show extraordinary and compelling reasons to reduce the sentence consistent with the policy statement.

The policy statement identifies categories of extraordinary and compelling reasons to be considered individually and in the aggregate: the defendant's medical conditions, age, family circumstances, and status as a victim of abuse. U.S.S.G. § 1B1.13(b)(1)-(4). The policy statement also contains a catchall provision for other circumstances that, alone or when combined with circumstances from the specified categories, are "similar in gravity." *Id.* § 1B1.13(b)(5).

A defendant seeking a reduction of his sentence bears the burden to establish that he has exhausted administrative remedies and that extraordinary and compelling reasons warrant a reduction of his sentence. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Greenhut*, 2:18-CR-00048-CAS, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020)(citing *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998)(defendant bears the burden to establish entitlement to sentencing reduction)).

## DISCUSSION

### I. Exhaustion

Defendant requested compassionate release from the warden of USP Pollock on March 28, 2024, and his request was denied on April 4, 2024. Def.'s Reply, ECF 1061, Ex. A. Accordingly, Defendant has exhausted his administrative remedies and his Motion is ripe for review.

II.        **Extraordinary and Compelling Reasons**

Defendant seeks compassionate release on the bases of post-offense rehabilitation, a disproportionate sentence, and the need to care for family members.

A.        **Post-Offense Rehabilitation**

Defendant asserts that during his incarceration he has made substantial efforts towards self-improvement and rehabilitation that qualify as extraordinary and compelling reasons to reduce his sentence. Defendant asserts that he has "maintain[ed] an impeccable disciplinary record for the past four years and no violence throughout his incarceration"; has "engag[ed] in self-directed education with a focus on business, healthcare technology, and preventative medicine"; taught himself "multiple programming languages, allowing him to contribute remotely to technology-based projects and assist developers in implementing innovative healthcare solutions"; and "mentor[ed] younger inmates." Def.'s Mot., ECF 1052, at 3-4.[2]

"[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for release; "[h]owever, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d). Although Defendant has not been disciplined since February 2021, before that time he was sanctioned over 15 times for behavioral violations including possessing drugs or alcohol, phone abuse, possessing an unauthorized item, insolence to staff members, possessing a hazardous tool, assault, refusing to obey orders, destroying or disposing of items in a search,

_____

[2] Defendant's Motion does not have page numbers. The Court, therefore, uses the ECF page numbers for reference.

introducing drugs or alcohol, disruptive conduct, failing to stand for count, and fighting. Gov't

Resp., ECF 1056, Ex. A. Defendant's circumstances are not similar to those in which courts have

found that rehabilitation in combination with other circumstances constituted extraordinary and

compelling circumstances. *See, e.g., United States v. Cruz*, No. 3:94-CR-112 (JCH), 2021 WL

1326851 (D. Conn. Apr. 9, 2021)(the defendant received no "disciplinary tickets" in more than

26 years in BOP custody); *United States v. Lebaron*, No. CR H-92-177-05, 2023 WL 7308116

(S.D. Tex. Nov. 6, 2023)(the defendant completed numerous rehabilitative programs and 300

hours of college correspondence courses with only one minor disciplinary infraction during the

past ten years of her incarceration.); *United States v. Rodriguez*, 492 F.Supp.3d 306, 308

(S.D.N.Y. 2020) (Defendant's rehabilitation is "remarkable. An extraordinary collection of letters

- from fellow inmates, family, friends, and, most important, 27 members of the prison staff make

clear that [the defendant] has used his twenty years in prison not just to better himself but also to

better his community.").

        Although the Court commends Defendant on his more recent lack of disciplinary

issues and his efforts at self-improvement, the Court concludes that these do not constitute an

extraordinary and compelling reason to reduce his sentence. *See United States v. Jackson*, No.

CR92-1781-RJB, 2025 WL 2733906, at *6 (W.D. Wash. Sept. 24, 2025)(the court found the

defendant's rehabilitation in combination with other circumstances did not rise the level of

extraordinary and compelling circumstances when the defendant completed several programs

and classes and presented letters from friends and family "describing the changes in [the

defendant] since his arrest," but also had 19 infractions during his incarceration).

B.    **Disproportionate Sentence**

Defendant asserts "disproportionate sentencing" and "evolving legal standards" as well as the fact that Defendant received a longer sentence that his co-defendants are extraordinary and compelling reasons for release.

1.    **Reduction Under Amendments 782 and 821**

Defendant contends that Amendments 782 and 821 retroactively reduced his guideline sentencing range and should adjust his sentence "downward from 210 to 188 months." Def's Mot. at 2. Defendant, however, already obtained that relief. In June 2024 Defendant moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) on the basis of Amendments 782 and 821. The government did not oppose that Motion and on July 12, 2024, the Court entered an Order reducing Defendant's sentence from 210 months to 188 months. The Court declines to reduce Defendant's sentence further pursuant to 18 U.S.C. § 3582(c)(1) on the same bases that it already reduced his sentence under § 3582(c)(2).

2.    **Co-defendant's Sentences**

Defendant asserts that "all 15 of [his] co-defendants with similar culpability were released nearly a decade ago, underscoring the disproportionate length of [his] sentence." Def.'s Mot. at 3. "[A] sentencing disparity with a codefendant[, however,] is not 'similar in gravity' to the circumstances in subsections (b)(1) through (4), which focus on a defendant's health and safety . . . . And . . . compassionate release addresses post-sentencing changes to the *defendant's* circumstances or those of an immediate family member." *United States v. Bryant*, 144 F.4th 1119, 1129 (9th Cir. 2025)(emphasis in original)(citations omitted). In addition, of the 19 individuals indicted in this matter, only two were deemed to be primary organizers and leaders of the conspiracy: Defendant and Olubenga Badamosi. Badamosi, unlike

Defendant, had no criminal history, was not on supervised release at the time of the offense, and opted to resolve his case months before trial. In contrast, Defendant had numerous felony convictions, was on supervised release from an earlier federal conspiracy conviction at the time of the offense, and agreed to plead guilty only a week before trial. Both Defendant and Badamosi received sentences at the low end of their guideline ranges, but because of Defendant's aggravating factors, his range was significantly higher. Defendant, therefore, was not similarly situated to his co-defendants and his sentencing disparity argument is unpersuasive. *See, e.g.,* *United States v. Moore*, No. 1:20-CR-00260-MC-5, 2025 WL 1013393, at *2 (D. Or. Apr. 4, 2025)(finding the defendant's sentencing disparity argument unpersuasive because "[u]nlike his co-defendants, [the defendant] is a career offender who has been convicted of multiple felonies and, at the time of sentencing, had a pending felony charge in Ohio for distribution of heroin. Due to this significant criminal history, [the defendant] was not similarly situated at sentencing to his co-defendants"); *United States v. Pelayo*, No. CR18-0217-JCC-3, 2025 WL 1222304, at *3 n.3 (W.D. Wash. Apr. 28, 2025)("[T]he co-defendants' sentences to which Defendant refers to show a sentencing disparity[] are unpersuasive when taken in context. Both held lower-level roles in the conspiracy compared to that of Defendant and, as such, the Government recommended lower sentences for them.").

The Court concludes the alleged sentencing disparity is not an extraordinary and compelling reason to reduce Defendant's sentence.

**C.    Family Circumstances**

Defendant asserts his "continued incarceration imposes undue hardship on his family" because his father is retired and has cancer; his mother has suffered "a near-fatal health crisis, requiring extensive rehabilitation, including learning to walk"; his younger brother

suffered a serious accident that limits his ability to provide full care for himself and their parents; and Defendant is the only family member "with no children nor other responsibilities" who can provide "meaningful caregiving and support." Def.'s Mot. at 4.

Section 1B1.13(b)(3)(C) provides that extraordinary and compelling circumstances may be shown when a defendant's parent, who because of mental or physical disability or a medical condition, is incapable of self-care and "the defendant would be the only available caregiver" for that parent. "To establish the extraordinary and compelling requirement for a sentence modification, the defendant must make a robust evidentiary showing that defendant is the only available caregiver." *United States v. Bragg*, 2021 WL 662269, at *2 (S.D. Cal. Feb. 19, 2021)(quotation omitted). "If there are family members or others that could be potential caregivers, the defendant must acknowledge why they are inadequate." *United States v. Moore*, No. 21-CR-02565-GPC-1, 2025 WL 2345226, at *5 (S.D. Cal. Aug. 13, 2025)(citing *United States v. Cruz-Rivera*, 2020 WL 5993352, at *7 (E.D.P.A. October 9, 2020)(the defendant failed to show unavailability or present whereabouts of other family members whose existence was previously reported)); *United States v. Rice*, 2023 WL 6048777, at *3 (N.D. Cal. Sept. 14, 2023)(the defendant failed to show unavailability of sons as caretakers for their mother despite explaining that "both sons work full time, and both have families and households of their own")).

The government points out that Defendant is one of four siblings, two of whom reside in in the same state as Defendant's parents. Defendant has not made a "robust showing" that he is the only potential caregiver. The Court recognizes that the family members of incarcerated individuals often struggle to cope without that individual's aid, but Defendant's situation is "not so unusual from similar [individuals with] aging parents." *Jackson*, 2025 WL

9 - OPINION & ORDER

2733906, at *3. The Court concludes that Defendant has not established that his family situation constitutes extraordinary and compelling circumstances for release.

### III.    Sentencing Factors

The government asserts even if Defendant has satisfied the criteria of U.S.S.G. § 1B1.13(b)(2), the § 3553(a) factors counsel against any reduction in Defendant's sentence.

Before modifying an imposed term of imprisonment, a Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Those factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes by the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care, and other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). A district court's "overarching statutory charge . . . is to impose a sentence sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; and to protect the public." *United States v. Lizarraras-Chacon*, 14 F.4th 961, 966 (9th Cir. 2021)(internal quotation and citation omitted).

The nature and circumstances of Defendant's offenses are serious and his history and characteristics are concerning. For three years Defendant operated a multistate oxycodone trafficking ring. The organization obtained oxycodone in Miami and Las Vegas and distributed pills across the United States, used young female prostitutes as drug and money couriers, and laundered the proceeds through various bank accounts and shell companies often using false identities. Presentence Report ("PSR") ¶¶ 26-29. The government noted in its sentencing memorandum that this was "the largest oxycodone case in the history of the District of Oregon

and . . . [D]efendant is responsible for helping to run one of the largest known oxycodone distribution rings in the country." ECF 633 at 5. In addition, Defendant has a poor record on supervised release. During the time of the instant conspiracy Defendant was on supervised release from an earlier federal conviction in the District of Nevada. In addition, Defendant was arrested for bank fraud in 2005 while still pending trial in his first conspiracy case. After serving only 28 months combined for both convictions, he was released and proceeded to commit numerous supervised release violations, including failing to report traffic incidents, leaving the state multiple times without permission, and assaulting a fellow inmate in his cell at MDC Los Angeles. PSR ¶¶ 85–86. Finally, after Defendant was sentenced in the current matter, he pleaded guilty to conspiring to commit bank fraud in California which added an additional 110 months to his federal sentence.

In summary, the nature and circumstances of Defendant's underlying offenses are significant and the sentence imposed by this Court reflects the seriousness of the offenses, affords adequate deterrence, and protects the public from further crimes by Defendant. *See* 18 U.S.C. § 3553(a)(2). The Court, therefore, concludes that Defendant has not carried his burden to show that a reduction of his sentence would be consistent with the federal sentencing factors. Accordingly, the Court denies Defendant's Motion for Compassionate Release.

**CONCLUSION**

The Court DENIES Defendant's Motion for Compassionate Release, ECF 1052.

IT IS SO ORDERED.


DATED:  October 17, 2025      .


MARCO A. HERNÁNDEZ
United States District Judge